833 F.2d 1013
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Willie PAYMON, Plaintiff-Appellant,
v.
AJAX PAVING INDUSTRIES and J. Cobb Corporation; Teamsters
Local No. 247, Defendants-Appellees.
 Nos. 86-1432/2032.
 United States Court of Appeals, Sixth Circuit.
 Nov. 13, 1987.
 
 Before WELLFORD and RALPH B. GUY, Circuit Judges, and HIGGINS, District Judge.*
 PER CURIAM.
 
 
 1
 In this case, plaintiff brought race discrimination charges against his employer and his union under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000(e) et seq., 42 U.S.C. Sec. 1981, and Michigan's Elliott-Larsen Civil Rights Act. Plaintiff's claims revolved about his employer's implementation of a bidding system by which its drivers/employees bid for assignments to work areas in the Detroit area. The district court granted defendants' motion for summary judgment because the court found that plaintiff had failed to establish a prima facie case of discrimination.
 
 
 2
 Willie Paymon went to work as a driver for Ajax Paving Industries in 1969. In 1977 Ajax announced that J. Cobb Corporation, Ajax' new trucking division, would henceforth employ its drivers. At approximately the same time J. Cobb instituted both a bidding policy, by which drivers could bid each year for the geographical work area and type of truck to which they wished to be assigned, and a "72-hour bumping rule." Drivers could drive asphalt trucks or prime trucks. At the beginning of each season from 1977 to 1982, Paymon bid for and received an assignment to drive a prime truck in Area 1, feeling that he could make more money as a prime truck operator. During those years, Paymon consistently drove a prime truck, but sometimes was assigned to jobs outside Area 1. In 1980 and 1981, Paymon experienced a significant drop in earnings resulting from a decrease in hours worked. In June 1982, Paymon discontinued working for J. Cobb.
 
 
 3
 The requirements for establishing a prima facie case of race discrimination are essentially the same under Title VII, 42 U.S.C. Sec. 1981, and Michigan's Elliott-Larsen Civil Rights Act. Grubb v. W.A. Foote Memorial Hospital, Inc., 741 F.2d 1486, 1493 (6th Cir.1986). Paymon's complaint was that his employer treated him less favorably because of his race. Thus, in order to withstand defendants' motion for summary judgment, he had to allege facts that defendants treated him differently from similarly situated white employees. See B. Schlei & P. Grossman, Employment Discrimination Law ch. 36 at 1291 (2d ed. 1983).
 
 
 4
 In light of Paymon's own testimony, we find no error in the district court's conclusion that Paymon failed to allege facts that, if believed, would be sufficient to establish a prima facie case. At the heart of Paymon's complaint is his claim that the bidding system was applied discriminatorily to deprive him of work. In his own deposition testimony, however, Paymon admitted that each year he freely bid for and received a prime truck assignment in Area 1. He admitted that because of the bidding system's operation he worked at times when more senior white drivers were not working. While arguing that the bidding system allowed defendants to prefer white drivers in assigning work, Paymon failed completely to set out any specific instance in which his employer used the system to prefer a similarly situated white driver. A plaintiff's mere conclusory statements regarding the alleged discrimination, unsubstantiated by a specific showing to raise a genuine issue for trial, are insufficient to survive a motion for summary judgment. Ackerman v. Diamond Shamrock Corp., 670 F.2d 66, 70 (6th Cir.1982). Because Paymon completely failed to present proof concerning an essential element of his race discrimination claim--that he was treated differently from similarly situated white drivers--the district court's grant of summary judgment for defendants was proper. See Celotex Corp. v. Catrett, --- U.S. ----, 106 S.Ct. at 2548, 2553 (1986).
 
 
 5
 Upon consideration of the briefs and the record on appeal, this court concludes that the district court's grant of summary judgment for defendants should be AFFIRMED.
 
 
 
 *
 THE HONORABLE THOMAS A. HIGGINS, United States District Court for the Middle District of Tennessee, sitting by designation